IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NICOLAS GOUREAU and STEPHANIE MENKIN, individually and derivatively on behalf of ML FASHION, LLC, a Delaware limited liability company, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| MARCUS LEMONIS, an individual, ML RETAIL, LLC, a Delaware limited liability company, MARCUS LEMONIS, LLC, a Delaware limited liability company, ROBERTA RAFFEL aka Bobbi Lemonis, an individual, and MLG RETAIL, LLC, a Delaware limited liability company, | ) ) ) ) ) ) ) ) | C.A. No. 20-940 (MN) |
| Defendants, | ) ) | |
| and | ) ) | |
| ML FASHION, LLC, a Delaware limited liability company, | ) ) ) | |
| Nominal Defendant. | ) | |

**ORDER**

At Wilmington this 21st day of August 2020:

WHEREAS, on June 18, 2020, Plaintiffs filed their Complaint in the Court of Chancery for the State of Delaware against Defendants Marcus Lemonis ("Lemonis"), ML Retail, LLC ("ML Retail"), Marcus Lemonis, LLC ("ML, LLC"), MLG Retail, LLC ("MLG Retail") and Roberta Raffel ("Raffel") (collectively, "Defendants"), as well as against nominal Defendant ML Fashion, LLC ("ML Fashion") (*see generally* D.I. 1-1);

WHEREAS, on July 14, 2020, Defendants removed the present case to this Court based upon diversity jurisdiction (D.I. 1);

WHEREAS, on July 21, 2020, Defendants moved to dismiss the Complaint Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim (D.I. 4);

WHEREAS, on July 24, 2020, Plaintiffs filed a motion to remand this case back to the Court of Chancery, arguing that this Court lacks subject matter jurisdiction based on diversity because the citizenship of Defendant MLG Retail and nominal Defendant ML Fashion overlaps with the citizenship of Plaintiffs such that complete diversity does not exist (D.I. 6);

WHEREAS, Defendants bear the burden to show that federal jurisdiction exists and removal is proper (*see Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) ("It remains the defendant's burden to show the existence and continuance of federal jurisdiction."); *see also Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992) ("On a motion to remand, it is always the removing party's burden to prove the propriety of removal, and any doubts about the existence of federal jurisdiction must be resolved in favor of remand."));

WHEREAS, Defendants do not dispute that, if Defendant MLG Retail and nominal Defendant ML Fashion remain in the case, complete diversity of citizenship is lacking in this case;

WHEREAS, Defendants nevertheless argue that diversity jurisdiction exists "because the only purportedly 'non-diverse' parties are either fraudulently joined or are nominal parties whose citizenship is disregarded" (D.I. 10 at 1);

WHEREAS, "[a] party raising a fraudulent joinder argument has a 'heavy burden of persuasion' to show that the plaintiff has (1) no reasonable basis in fact or colorable ground to support the claim against the allegedly fraudulently joined defendant, or (2) no real intention in good faith to prosecute the action against that defendant" (*Slaske v. I-Flow Corp.*, No. 09-3963 (MLC), 2010 WL 2516574, at *3 (D.N.J. June 11, 2010) (citing *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir.1990)));

WHEREAS, "[w]hen addressing the issue of fraudulent joinder, the Court must (1) resolve in the plaintiff's favor all contested factual issues and any uncertainty as to the current state of controlling substantive law, and (2) find that a defendant was properly joined if there is 'even a possibility' that a state court would find that a complaint states a claim. . . . For a defendant to be found to be fraudulently joined, the claims asserted against that defendant must be 'wholly insubstantial and frivolous'" (*Slaske*, 2010 WL 2516574, at *3 (citing *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir.1992)));

WHEREAS, the thrust of Defendants' argument is that MLG Retail was fraudulently joined "because Plaintiffs' claims against MLG Retail are barred by the doctrine of claim splitting and Plaintiffs' filing in an improper venue, and, on the merits, because the two claims asserted against MLG Retail have not been adequately pled" (D.I. 10 at 7) and, further, because "Plaintiffs have not asserted viable claims against any Defendant in this action, let alone against MLG Retail" (*id.* at 8);

WHEREAS, the standard for addressing dismissal due to fraudulent joinder is not the same as the standard for addressing either dismissal for failure to state a claim or summary judgment (*see Slaske*, 2010 WL 2516574, at *3 (citing *In re Briscoe*, 448 F.3d 201, 217-18 (3d Cir. 2006)) (stating district court errs if a fraudulent joinder inquiry delves into a claim's merits); *see also Batoff*, 977 F.2d at 852 (stating district court erred in fraudulent joinder analysis in finding complaint failed to state a valid claim); *Boyer*, 913 F.2d at 111-12 (stating district court not permitted to reach claim's merits in deciding fraudulent joinder issue));

WHEREAS, Defendants have failed to establish that Plaintiffs' claims against MLG Retail are "wholly insubstantial and frivolous"; and

WHEREAS, complete diversity does not exist and, therefore, this Court does not have subject matter jurisdiction over this case.

THEREFORE, IT IS HEREBY ORDERED that Plaintiffs' motion to remand (D.I. 6) is GRANTED. This case is REMANDED to the Delaware Court of Chancery. Defendants' motion to dismiss (D.I. 4) shall remain pending for the Chancery Court upon remand.

*[signature: Maryellen Noreika]*
The Honorable Maryellen Noreika
United States District Judge